JUDGE PAULEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

PAUL LEE & ANDREW KANG,                   )        COMPLAINT **CV**        **2020**
                                          )
                    Plaintiffs,           )        **12** **CV**
                                          )
         -against-                        )        **JURY TRIAL DEMANDED**
                                          )
THE CITY OF NEW YORK,                     )        **ECF Case**
VINCENT CANDELA, P.O. RAMIREZ,            )
and JOHN and JANE DOES,                   )
                                          )
                    Defendants.           )
-----------------------------------------------------------X

RECEIVED
MAR 19 2012
U.S.D.C. S.D. N.Y.
CASHIERS

## PRELIMINARY STATEMENT

1.       This is a civil rights action in which the plaintiffs seek relief for the defendants'

violation of their rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983, and

by the United States Constitution, including its Fourth and Fourteenth Amendments.  The

plaintiffs seek damages, both compensatory and punitive, affirmative and equitable relief, an

award of costs and attorneys' fees, and such other and further relief as this court deems

equitable and just.

## JURISDICTION

2.       This action is brought pursuant to the Constitution of the United States, including

its Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. § 1983.  Jurisdiction is

conferred upon this court by 42 U.S.C. § 1983, and 28 U.S.C. §§ 1331 and 1343(a)(3) and (4),

this being an action seeking redress for the violation of the plaintiff's constitutional and civil

rights.

## JURY TRIAL DEMANDED

3.       Plaintiffs demand a trial by jury on each and every one of the claims pleaded

herein.

## VENUE

4.      Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391 (a), (b) and (c).

## PARTIES

5.      Plaintiffs PAUL LEE and ANDREW KANG are residents of the City and State of New York.

6.      Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible.  Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by them.

7.      Defendants CANDELA, RAMIREZ, and DOES are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, a municipal agency of defendant THE CITY OF NEW YORK.  The aforenamed defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.  The aforenamed defendants are sued in their

2

individual capacities.

## STATEMENT OF RELEVANT FACTS

8.      On October 31, 2010, at or about 3:00 a.m, plaintiffs PAUL LEE and ANDREW KANG were in the Lucky Strike bowling club at the corner of 12th Avenue and West 42nd Street, New York, New York.  Because of an incident in the club, unrelated to plaintiffs, plaintiffs and other patrons were asked to step outside.

9.      Plaintiffs left the premises and were waiting on the sidewalk for their coats (which were still inside), when they were approached by defendant police officers CANDELA, RAMIREZ, and DOES.  Defendants CANDELA, RAMIREZ, and DOES pushed plaintiff KANG to the ground and handcuffed plaintiff KANG.

10.      When plaintiff LEE asked why defendants CANDELA, RAMIREZ, and DOES were arresting plaintiff KANG, defendants pepper sprayed plaintiff LEE, and punched plaintiff LEE in the face fracturing his nose.

11.      Plaintiff KANG was charged with Disorderly Conduct.  The accusatory instrument was signed by defendant RAMIREZ.

12.      Plaintiff LEE was charged with disorderly conduct and resisting arrest.  The accusatory instrument was signed by defendant CANDELA.

13.      All charges were subsequently dismissed.

## FIRST CLAIM

## DEPRIVATION OF RIGHTS UNDER THE
## UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

14.      The plaintiffs incorporate by reference the allegations set forth in all preceding

3

paragraphs as if fully set forth herein.

15.     By their conduct and actions in falsely arresting plaintiffs PAUL LEE and ANDREW KANG, by using excessive force against plaintiffs, and by failing to intervene to prevent the complained of conduct, defendants CANDELA, RAMIREZ, and DOES, acting under color of law and without lawful justification, intentionally, and/or with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

16.     As a result of the foregoing, plaintiffs were deprived of liberty, suffered emotional distress, physical injury, costs and expenses, and were otherwise damaged and injured.

## SECOND CLAIM

### LIABILITY OF THE CITY OF NEW YORK
### FOR CONSTITUTIONAL VIOLATIONS

17.     The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

18.     At all times material to this complaint, defendant THE CITY OF NEW YORK had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

19.     At all times material to this complaint, defendant THE CITY OF NEW YORK failed to properly train, screen, supervise, or discipline employees and police officers, and

4

failed to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline defendants CANDELA, RAMIREZ, and DOES.

20.     The policies, practices, customs, and usages, and the failure to properly train, screen, supervise, or discipline, were a direct and proximate cause of the unconstitutional conduct alleged herein, causing injury and damage in violation of plaintiffs' constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

21.     As a result of the foregoing, plaintiffs were deprived of liberty, suffered emotional distress, physical injury, costs and expenses, and were otherwise damaged and injured.

**WHEREFORE**, plaintiffs demand the following relief jointly and severally against all of the defendants:

a. Compensatory damages;

b. Punitive damages;

c. The convening and empaneling of a jury to consider the merits of the claims herein;

d. Pre- and post-judgment costs, interest and attorney's fees;

e. Such other and further relief as this court may deem appropriate and equitable.

5

Dated:       New York, New York
               March 19, 2012

                                           MICHAEL L. SPIEGEL, Esq.
                                           111 Broadway, Suite 1305
                                           New York, New York 10006
                                           (212) 587-8558
                                           *Attorney for Plaintiffs*

6